| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>Denver City and County Building<br>1437 Bannock St.<br>Denver, CO 80202<br>(720) 865-8301 | DATE FILED: November 17, 2017 4:02 PM<br>FILING ID: 4F104FB2E9B7E<br>CASE NUMBER: 2017CV33553 |
| BEATRICE TALAVERA GAUTHIER, and<br>CHRISTOPHER GAUTHIER,<br><br>   Plaintiffs,<br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>   Defendants. | ^COURT USE ONLY^<br><br>Case No. 2017cv33553<br>Div.   368 |
| Attorneys for Plaintiff:<br>Robert L. Allman, #8184<br>Allman, Mitzner & Fawley, LLC<br>4100 E. Mississippi Ave., Suite 1600<br>Denver, CO 80246<br>(303) 293-9393<br>(303) 293-3130 (fax)<br>rallman@allman-mitzner.com | |
| **AMENDED COMPLAINT AND JURY DEMAND** | |

Plaintiffs, Beatrice Talavera Gauthier and Christopher Gauthier, by and through their attorneys, Robert L. Allman, Esq. of Allman, Mitzner & Fawley, LLC, submit their Complaint and Jury Demand as against Defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, as follows:

1.      Plaintiffs, Beatrice Talavera Gauthier and Christopher Gauthier ("Plaintiffs" or "Ms. Gauthier" or "Mr. Gauthier") are a married couple and are residents of Colorado.

2.      Defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (hereafter "State Farm") are insurance companies

EXHIBIT A

transacting business in Colorado, including in Denver County, which provided automobile liability insurance to Plaintiffs, including UIM coverage, at all times pertinent to this action.

3. Venue is proper in the City and County of Denver pursuant to C.R.C.P. 98 because Defendants transact business in Denver and the subject insurance contracts were to be performed in this county.

4. This is an action for claims arising out of an automobile accident which occurred on September 23, 2014, when the car driven by Nicholas Preece (the "at-fault driver") rear-ended the car driven by Ms. Gauthier at or about 120th Avenue at Melody Drive, in Westminster, Colorado (the "Subject Accident").

5. Ms. Gauthier is an insured under three Policies of insurance (the "Policies") in place at the time of the Subject Accident. State Farm provided automobile liability insurance, including UIM insurance coverage, to the Gauthiers at all times pertinent to this action. The three Policies are identified as follows: 030 4186-A05-06P-001; 190 3110-D01-06D; and 248 5736-F28-06F. Each policy constitutes a separate contract of insurance and each has been breached by Defendant by failing to provide Plaintiffs the benefits due under each policy.

6. Each of Plaintiffs' three vehicles has a separate policy and a separate premium, with each providing $100,000 in UIM benefits.

7. Ms. Gauthier suffers from serious and disabling permanent injuries and impairment, economic and non-economic damages, caused in the Subject Accident proximately caused by the negligence of Mr. Preece, which damages exceed the amount of liability coverage available to the at fault driver and the amount of her stacked UIM policies.

8. By way of background, Ms. Gauthier had previously suffered a hip injury in a slip and fall at work on July 17, 2013. The subject automobile accident of September 23, 2014 occurred while she was on her way to a doctor's appointment.

9. The Subject Accident resulted in significant cervical, lumbar, and upper extremity injuries to Ms. Gauthier which were unrelated to her pre-existing hip injury, necessitating surgery, continuing disability and impairment, disfigurement, economic and non-economic losses greatly in excess of the liability insurance of the at-fault driver.

10. Ms. Gauthier's injuries include, but are not limited to, cervical, lumber and upper extremity injuries, which have resulted in cervical and wrist surgery, and a continuing need for treatment.

11. Ms. Gauthier also suffered a head injury, with concussion and symptoms of traumatic brain injury, TMJ and jaw related injuries, shoulder, neck, wrist and lower back injuries.

12. Ms. Gauthier suffers permanent impairment, pain and suffering, disfigurement, economic and non-economic injuries. Ms. Gauthier suffers from emotional distress, loss of enjoyment of life, pain and suffering, chronic pain, depression, permanent physical impairment and limitation of movement, among other disabilities, requiring continuing medical treatment, physical therapy, medication and other treatment.

13. Ms. Gauthier has been impaired in her ability to engage actively in her work, has been unable to work since the Subject Accident, and permanently impairing her past, present and future earnings and earnings capacity.

14. The limits of Mr. Preece's liability insurance with AAA Insurance has been paid to Plaintiffs in the amount of his policy limits, $100,000. The settlement documents were fully executed and provided to Defendant on September 19, 2017. The settlement check was issued by AAA on September 19, 2017 and received by undersigned counsel on September 20, 2017, with a copy also provided to Defendant. The settlement was entered into with the approval of State Farm and was completed on September 20, 2017. This amount does not fully compensate Ms. Gauthier for her damages and losses.

15. Following Plaintiffs' demand for their UIM coverage benefits, State Farm stated it agreed to provide $100,000 in UIM coverage for a single vehicle's policy, because State Farm did not have a required signed waiver of UIM coverage from Plaintiffs under C.R.S. §10-4-609. Plaintiffs assert they did, in fact, have such UIM coverage and, alternatively, they are entitled to $100,000 UIM coverage under each of their three policies, such amount being the limits of their liability coverage, if such coverage was not actually issued, since no waivers of UIM coverages were signed by Plaintiffs.

16. Plaintiffs state that any failure of State Farm's records to reflect such coverage was an error on State Farm's part and contrary to the representations made by State Farm's agent that Plaintiffs were insured for $300,000 in UIM coverage when they purchased their policies.

17. Ms. Gauthier's damages exceed the insurance coverage of Mr. Preece, who was driving an underinsured vehicle in the Subject Accident. Ms. Gauthier is entitled to recover her UIM benefits under her State Farm Policies, for the difference between the liability insurance limit of the negligent driver, Mr. Preece, and the damages and losses which Ms. Gauthier is entitled to recover against Mr. Preece, up to the maximum amount of UIM coverage which is applicable to Ms. Gauthier under the Policies, and as otherwise allowed by law.

18. Mr. Gauthier is the spouse of Ms. Gauthier and seeks damages and compensation for his loss of consortium for the loss of the care, companionship and society of his spouse, as allowed by law.

19. State Farm provides UIM coverage to Ms. Gauthier, and to her husband, Christopher Gauthier, in three separate Policies, which are billed as three separate premiums, each policy with $100,000 in underinsured motorist coverage, totaling $300,000, which under C.R.S. §10-4-609 may be stacked, and which Ms. Gauthier now seeks in payment of her damages and losses. State Farm admits to only $100,000 in coverage, and has not provided payment for same, and has failed and refused to confirm UIM coverage for Plaintiffs and Ms. Gauthier in the amount of $300,000.

20. Ms. Gauthier has complied with all conditions precedent and is entitled to payment in full for such coverage under her Policies commensurate with the extent of her damages, losses, and injuries.

21. State Farm has failed to provide UIM benefits to Plaintiffs without requiring a settlement of all claims under their Policies, refusing or failing to provide payment in amounts which may not be reasonably disputed, failed to pay the undisputed amount of UIM coverage of $100,000, and failed to confirm the extent of UIM coverage available to Plaintiffs under her three policies of insurance which each provided $100,000 in UIM coverage for a total of $300,000.

22. Plaintiffs have been deprived of the Policies' benefits due them, and State Farm has refused to make even partial payment of undisputed amounts in order to avoid further hardship to them.

FIRST CLAIM FOR RELIEF
(Breach of Contract and C.R.S. §10-4-609)

23. Plaintiffs hereby incorporate all prior and subsequent paragraphs of this Complaint as though fully set forth herein.

24. Ms. Gauthier seeks all insurance benefits available to her under her three Policies for UIM coverage with State Farm, and pursuant to C.R.S. §10-4-609, including payment for her economic and non-economic losses, permanent impairment, special and consequential damages as allowed to her in excess of the liability insurance policy limits of Nicholas Preece.

25. Ms. Gauthier seeks reimbursement for the past, present and future medical expenses in excess of med pay, past, present and future loss of income and earning opportunity, permanent impairment, disfigurement, emotional distress, loss of enjoyment of life, pain and suffering, and for such other relief as allowed, including interest as allowed on all amounts commencing September 23, 2014, and costs, including expert fees.

26. Ms. Gauthier has sought payment of her UIM insurance benefits and not received the benefits requested on the basis of her damages and injuries exceeding the liability insurance limits of Nicholas Preece. Failure of State Farm to acknowledge its

EXHIBIT A

obligation to provide UIM insurance to Plaintiffs up to $300,000, or to pay such UIM benefits to Ms. Gauthier constitutes a breach of contract which is to provide her the UIM benefits pursuant to the Policies of insurance and C.R.S. §10-4-609.

27. Mr. Gauther, as spouse of Ms. Gauthier, seeks such damages and compensation as allowed to him for loss of consortium, since the injuries to Ms. Gauthier have deprived him of the care, companionship, and society of his injured spouse.

28. Ms. Gauthier seeks all such payments and relief as allowed to her under the insurance contract, as provided by C.R.S. §10-4-609 and for such remedies as may be allowed pursuant to C.R.C. §10-3-1116.

## SECOND CLAIM FOR RELIEF
(Specific Performance)

29. Plaintiffs hereby incorporate all prior and subsequent paragraphs of this Complaint as though fully set forth herein.

30. Ms. Gauthier seeks State Farm's specific performance of her insurance contract by providing prompt payment to her, as State Farm's insured, of all amounts due to her under such contract, and as required by C.R.S. §10-4-609, as compensation for her losses, including all economic and non-economic damages, special and consequential damages, as allowed, and Mr. Gauthier seeks such damages as allowed for loss of consortium.

## THIRD CLAIM FOR RELIEF
(C.R.S. §10-3-1115 and 10-3-1116)

31. Plaintiffs hereby incorporate all prior and subsequent paragraphs of this Complaint as though fully set forth herein.

32. C.R.S. §10-3-1116(c) provides a remedy to insureds, such as Plaintiffs, whose claim for payment of benefits has been unreasonably delayed or denied.

33. C.R.S. §10-3-1115(2) provides that an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

34. Defendants, as the insurer of Plaintiffs, have failed to pay amounts of covered benefits to Plaintiff Beatrice Gauthier which are not reasonably in dispute, have offered to pay only a small portion of her covered benefits conditioned upon a full settlement of her claims, have failed to acknowledge Plaintiffs' combined limits of $300,000 in UIM benefits, among other actions, which constitute the unreasonable delay or denial of benefits.

35. To the extent Defendants are deemed to have unreasonably delayed or denied benefits to Plaintiffs, including failure to pay undisputed amounts, failure to acknowledge Plaintiffs' rights to stack their UIM coverage, and failure to pay Plaintiff, Beatrice Talavera Gauthier, for her benefits under her UIM coverages, then Plaintiffs seek such remedies as allowed pursuant to C.R.S. §10-3-1116, including such remedies as allowed therein, including payment of benefits due to Plaintiffs, in addition to two times the covered benefit, reasonable attorney's fees and costs as allowed, and interest as allowed.

### FOURTH CLAIM FOR RELIEF
(Promissory Estoppel)

36. Plaintiffs hereby incorporate all prior and subsequent paragraphs of this Complaint as though fully set forth herein.

37. At the time of obtaining the Policies, Plaintiffs were promised that they would have $300,000 total in UIM coverage since the UIM coverage would be stacked, as separate Policies with separate premiums.

38. Plaintiffs reasonably relied upon this promise of the agent of Defendant, and Defendant is vicariously liable for the actions and promises of its agent or apparent agent in stating this promise.

39. Had State Farm's agent advised that the Policies would not be stacked, they would have obtained the $300,000 in UIM limits in order to better protect themselves for uninsured or underinsured drivers.

40. Plaintiffs have been harmed by their reasonable reliance upon the promises of the company and seek to enforce such promises, which Defendant is estopped from denying.

41. Plaintiffs seek confirmation and agreement of this promised $300,000 in UIM coverage applicable to this claim and for payment of the UIM benefits for which they should be covered, including compensation for such damages as allowed.

### FIFTH CLAIM FOR RELIEF
(Declaratory Relief)

42. Plaintiffs hereby incorporate all prior and subsequent paragraphs of this Complaint as though fully set forth herein.

43. Pursuant to C.R.C.P. 57, Plaintiffs seek declarative relief as to the amount of UIM coverage as to which they are entitled under their automobile insurance policies with Defendant, pursuant to C.R.S. §10-4-609, promissory estoppel, contract, or other applicable law, which Plaintiffs state is $300,000 in UIM liability coverage, and such other relief as allowed, including relief allowed pursuant to C.R.S. §10-3-1116.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Beatrice Talavera Gauthier and Christopher Gauthier, pray that this Court enter judgment in their favor and against the Defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, as follows:

A. As against Defendants for the amount of UIM coverage as provided under the subject Policies of insurance;

B. As against Defendants for specific performance of the subject insurance Policies to provide compensatory damages under Plaintiffs' UIM coverage in an amount to be proved at trial as just and adequate compensation for Ms. Gauthier's injuries, damages and losses resulting from the Subject Accident, including, but not limited to, all economic and non-economic damages, special and consequential damages, Ms. Gauthier has incurred and which she will have in the future, and for Mr. Gauthier's loss of consortium;

C. For covered benefits due to Plaintiffs, together with an award of two times the covered benefits, reasonable attorneys' fees and court costs to the extent allowed by C.R.S. §10-3-1116.

D. As against Defendants for interest to the fullest extent provided by law, including pre- and post-judgment interest pursuant to C.R.S. §§13-21-101 and 5-12-102, commencing with the date of the loss, together with costs including, but not limited to, expert witness fees, and such other costs and reasonable attorneys' fees as may be allowed;

E. For UIM benefits and relief as allowed by C.R.S. §10-4-609, including the stacking of the three Policies with UIM coverage, and for any related statutory relief;

F. For declaratory relief to determine the amount of UIM coverage allowed to Plaintiffs under their insurance Policies with Defendants together with a determination of allowed remedies; and

G. For such other and further relief as the Court deems just and proper.

### Jury Demand

Plaintiffs demand trial by jury of six persons on all issues herein joined.

EXHIBIT A

Respectfully submitted this 17th day of November, 2017.

          ALLMAN, MITZNER & FAWLEY, LLC

*Original signature on file*

By:  /s/ Robert L. Allman          .
      Robert L. Allman #8184
4100 E. Mississippi Ave., Suite 1600
Denver, CO 80246
(303) 293-9393
rallman@allman-mitzner.com

Attorneys for Plaintiffs

<u>Plaintiffs' Address:</u>

763 Bellaire Street
Denver, CO 80220

EXHIBIT A